JOHN BURHANS ET AL., PROSECUTORS, v. CITY OF PATERSON, DEFENDANT.

Submitted February term, 1923—Decided June 7, 1923.

**Taxes and Assessments—Paving Assessment.**

On *certiorari.*

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutors, *Randal B. Lewis.*

For the defendant, *Charles H. Roemer* and *Edward F. Merrey.*

PER CURIAM.

The writ of *certiorari* in this case was sued out by forty-five property owners. The object of the writ is to review an assessment made by the city of Paterson for street paving done by the county of Passaic, amounting to $5,291.85.

Also, for curbing, water, sewer and gas connections amounting to $2,702.23 done by the city of Paterson. Total assessment, $7,994.07. The assessment was made against property abutting on Hamburgh avenue from Union avenue to Katz avenue, in the city of Paterson. The paving assessment is based on a contribution made by the city of Paterson under a contract with the county of Passaic towards the cost of the

work dated June 30th, 1921. The ordinance providing for the improvement of Hamburgh avenue was approved June 15th, 1921. The work was started June 13th, 1921. The prosecutors write down nine reasons for setting aside the assessment as invalid.

Reasons Nos. one, three, five, six and seven are considered and answered in the recent decision in the Court of Errors and Appeals in the case of *Ringer* v. *City of Paterson*, 1 *N. J. Adv. R.* 34. In that case, the statutes under which the assessments were made were considered. The answer to reason No. two is laches. The prosecutors knew on June 14th, 1921, that an assessment was to be levied for the work then commenced. The assessments were confirmed November 9th, 1922; the writ of *certiorari* was allowed December 2d, 1922. The property owners whose rights are to be affected must take prompt action. *Durrell* v. *Mayor, &c., of Woodbury*, 74 *N. J. L.* 206; *Graham* v. *Ocean City*, 1 *N. J. Adv. R.* 24. So as to reason No. four. The answer to reason No. eight, viz., the assessments are in excess of the benefits. This is a question of fact. We cannot substitute our judgment for that of the commissioners of assessment.

The *certiorari* is dismissed and the assessments are confirmed, with costs.